IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEITH JAY FISCHER and
DAWN MARIE FISCHER,

          Plaintiffs,

v.                                        Civil Action No. 5:18CV167
                                                          (STAMP)
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, INC. and
WILLIAM GARVEY, JR. INSURANCE
AGENCY, INC.,

          Defendants.


## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION TO REMAND AND
## GRANTING DEFENDANTS' MOTION TO DISMISS

### I. Background

The plaintiffs, Keith Jay Fischer and Dawn Marie Fischer,
initiated this lawsuit in the Circuit Court of Brooke County, West
Virginia against defendants State Farm Mutual Automobile Insurance
Company ("State Farm") and William Garvey, Jr. Insurance Agency,
Inc. (the "Garvey Agency").

Plaintiffs claim that at the time plaintiff, Keith Jay
Fischer, contacted the Garvey Agency requesting coverage for a 2006
Mazda Miata owned by plaintiffs, no commercially meaningful and
reasonable offer of underinsured motorist ("UIM") coverage was
made.  Plaintiffs further assert that because of the "errors and
omissions" of the Garvey Agency, plaintiff, Keith Jay Fischer,
lacked UIM coverage on the 2006 Mazda Miata under the policy.  The
complaint goes on to allege that plaintiffs' claim for UIM benefits
was denied by State Farm.

Count I of the complaint seeks a declaratory judgment that the policy be reformed by operation of the law to include One Hundred Thousand Dollars ($100,000.00) in UIM benefits. Count II of the complaint asserts a claim against State Farm for common law "bad faith"/breach of the implied covenant of good faith and fair dealing. Count III of the complaint asserts a claim against State Farm for alleged violations of the Unfair Trade Practices Act, W. Va. Code § 33-11-4(9). The only cause of action asserted against the Garvey Agency is found within Count IV of the complaint, which asserts a claim for "Negligence - Errors and Omissions." In support of this cause of action, plaintiffs allege that the Garvey Agency "at all times material and relevant hereto, acted as an agent of State Farm." Plaintiffs further contend that the Garvey Agency "breached its duty of care by failing to provide Plaintiffs with a meaningful and commercially reasonable offer of underinsured motorist bodily injury coverage benefits on the 2006 Mazda Miata under Insurance Policy No. 099 883 8-D2 1-48A and treating the Mazda Miata as a replacement vehicle." Count V of the complaint asserts that State Farm is vicariously liable for the alleged acts of the Garvey Agency. The complaint seeks a declaration that the insurance policy under which plaintiffs seek recovery includes One Hundred Thousand Dollars ($100,000.00) in underinsured motorist ("UIM") coverage benefits. Plaintiffs further seek to recover unspecified damages for emotional distress, inconvenience, annoyance, humiliation, embarrassment, aggravation, anxiety,

frustration, "other general damages," attorneys' fees, costs and expenses. Plaintiffs also seek to recover punitive damages. Plaintiffs demand a jury trial on all issues.

Defendants removed the civil action to this Court pursuant to 28 U.S.C. § 1446. ECF No. 1. In the notice of removal, defendants assert that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction) as this is a civil action wherein the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and it is between citizens of different states. Even though the Garvey Agency is a West Virginia corporation, the defendants argue that the Garvey Agency has been fraudulently joined and that the plaintiffs cannot "establish a cause of action against it." Thus, because the Garvey Agency was fraudulently joined, defendants argue its citizenship must be disregarded and this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Defendants then filed a motion to dismiss defendant William Garvey, Jr. Insurance Agency, Inc. (ECF No. 4) under Federal Rule of Civil Procedure 12(b)(6). Defendants contend that plaintiffs' complaint fails to state a claim against the Garvey Agency upon which relief may be granted. Defendants contend that plaintiffs' negligence claim against the Garvey Agency is premised upon the allegation that the Garvey Agency breached its duty of care by failing to provide plaintiffs with a meaningful and commercially

reasonable offer of underinsured motorist bodily injury coverage benefits. Defendants argue that this claim fails as an insurance agent acting on behalf of a known principal cannot be sued in contract or tort. Additionally, defendants argue that the claim against the Garvey Agency fails as the obligation to make a commercially reasonable offer of UIM coverage extends only to the insurer and not to an insurance agent. Therefore, defendants argue that the Garvey Agency should be dismissed from this matter pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The plaintiffs then filed a motion to remand and memorandum in opposition to defendants' motion to dismiss (ECF No. 6). Plaintiffs move, pursuant to 28 U.S.C. § 1446, to remand this case to the Circuit Court of Brooke County, West Virginia and contend that the defendants have failed to satisfy their burden of proving that the defendant, William Garvey, Jr. Insurance Agency, Inc., was fraudulently joined as a party.

Plaintiffs contend that the primary claim by the plaintiffs is that the defendant, State Farm, failed to make a proper offer of underinsured motorist coverage, meaning that coverage exists by operation of law. If, however, the Court concludes that there is no underinsured motorist coverage available to the plaintiffs, they have asserted an alternative claim against defendant the Garvey Agency. Specifically, plaintiffs allege that the Garvey Agency negligently and erroneously failed to procure the appropriate insurance coverage for the Mazda Miata requested by the plaintiffs.

Plaintiffs contend that the claim against defendant the Garvey Agency is not a contract claim growing out of State Farm's policy, and no tort claim that can be asserted against State Farm. Instead, plaintiffs argue, it is a separate and independent claim of negligence assertable against the agent. Plaintiffs argue that because the defendants have failed to carry their heavy burden of demonstrating that there is not even a possibility of recovery against the Garvey Agency, remand is warranted and the Court, likewise, should deny the Garvey Agency's motion to dismiss for the same reasons.

Defendants then filed a response in opposition to the plaintiffs' motion to remand and reply in support of the motion to dismiss. ECF No. 7. In response, defendants state, as recognized by plaintiffs, <u>Benson</u> held that "where the agent is the agent of the insurer, acts within the scope of his authority, and his principal is disclosed, he is not liable to the insured either in contract or in tort." <u>Benson v. Continental Ins. Co.</u>, 120 F. Supp. 2d 593 (S.D. W. Va. 2000). However, plaintiffs argue that this rule applies only "where the agent's acts are those of the insurance company." Defendants argue that the language quoted by plaintiffs actually does not appear anywhere in <u>Benson</u>. Defendants contend that <u>Benson</u> is applicable to the case herein as the complaint specifically alleges that the Garvey Agency acted as an agent of State Farm at all times and held its agents, representatives and employees out as agents of State Farm, and at

no time was acting outside the scope of its authority. Plaintiffs next attempt to rely on Negri to avoid the dismissal of the Garvey Agency by asserting that an agent is subject to personal liability whenever he commits "an independent tort of negligence." However, defendants assert that in this case, as in Negri, plaintiffs have not alleged an independent tort. Defendants contend that plaintiffs have specifically alleged that the Garvey Agency was acting as an agent of State Farm at all material times and that the Garvey Agency held its agents, representatives and employees out as agents of State Farm. Therefore, defendants assert that these alleged negligent acts are actions alleged by plaintiffs to be on behalf of State Farm and are, therefore, not independent torts. Consequently, pursuant to Benson and Negri, defendants argue that the Garvey Agency has been fraudulently joined and must be dismissed as an insured agent specifically alleged by plaintiffs to be acting on behalf of a known principal cannot be sued in contract or tort. Moreover, defendants contend that even if plaintiffs have sufficiently alleged an independent tort against the Garvey Agency (which defendants deny), the Garvey Agency has been fraudulently joined and should be dismissed as it owed no duty to make an offer of underinsured motorist coverage to plaintiffs as a matter of law.

The plaintiffs filed a reply to defendants' response in opposition. ECF No. 8. In reply, the plaintiffs state that defendants are correct in saying the language "where the agent's acts are those of the company" does not appear in Benson.

Plaintiffs clarify that, it appears, instead, in <u>Negri v.</u> <u>Nationwide Mut. Ins. Co.</u>, No. 5:11cv3, 2011 WL 3648221 (N.D. W. Va. Aug. 18, 2011). Plaintiffs attempt to distinguish the case at hand from <u>Benson</u> by asserting that plaintiffs in this case have alleged have two independent and alternative theories of liability. First, plaintiffs allege that underinsured motorist coverage exists as a matter of law. Specifically, plaintiffs allege that a proper offer of underinsured motorist coverage was not provided and, therefore, the policy has been reformed by operation of law to include that coverage. If, however, the Court finds that there is no coverage (and, therefore, no claim against State Farm), the plaintiffs allege in the alternative that the Garvey Agency was guilty of negligence.

The plaintiffs argue that they spell out two theories of negligence in their complaint: (1) negligence in failing to make a meaningful and commercially reasonable offer of underinsured motorist coverage as required by law and (2) negligence in "fail[ing] to procure the appropriate insurance coverage for the [Miata] requested by Plaintiffs." The plaintiffs allege that the Garvey Agency failed to follow plaintiffs' instructions to issue a new policy for the Miata that provided the same coverages as plaintiffs' other, year-round vehicles (including underinsured motorist coverage). Instead, plaintiffs contend, the Garvey Agency treated the Miata as a replacement for a seasonal vehicle that did not have underinsured motorist coverage. Consequently, the Miata

did not have underinsured motorist coverage at the time of the wreck. Plaintiffs argue that this is a classic failure-to-procure scenario that can be asserted against an agent under West Virginia law. Plaintiffs argue that because the plaintiffs have plead a viable claim against the defendant, the Garvey Agency, and because the Garvey Agency is a West Virginia corporation, full diversity of citizenship is lacking and, therefore, the Court should grant the plaintiffs' motion to remand.

## II.  Applicable Law

### A.  Removal and Remand

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331 and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed due to "significant federalism concerns," implicated by abrogating a state court of the ability to decide a case over which it has jurisdiction. Id. Thus, if federal jurisdiction is doubtful, the federal court must remand. Id.

However, when a defendant removes a case that, on its face, does not present complete diversity, courts are permitted to utilize the doctrine of fraudulent joinder to examine the record in more depth to determine whether the non-diverse parties are real parties in interest to the action. <u>Mayes v. Rapoport</u>, 198 F.3d 457, 461 (4th Cir. 1999). Under the doctrine of fraudulent joinder, a defendant may remove a case on the basis of diversity jurisdiction even if a non-diverse defendant is a party to the case, so long as the removing party can prove that the non-diverse defendant was fraudulently joined to the action. <u>Id.</u> Fraudulent joinder "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." <u>Id.</u>

B.  <u>Motion to Dismiss</u>

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. <u>Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences,

unreasonable conclusions, or arguments." <u>Wahi v. Charleston Area</u> <u>Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). <u>Id.</u> § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Nemet Chevrolet</u>, 591 F.3d at 256 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be

sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## III.  Discussion

This Court will address the fraudulent joinder issue raised in the defendants' notice of removal and plaintiffs' motion to remand before addressing the defendants' motion to dismiss the Garvey Agency.  Here, the defendants do not allege outright fraud in the plaintiffs' pleadings.  Therefore, to defeat the plaintiffs' motion to remand, the defendants must establish by clear and convincing evidence that, even resolving all issues of fact and law in the plaintiffs' favor, the plaintiffs have not alleged any possible claim against the Garvey Agency.

A.  Defendants' Removal and Plaintiffs' Motion to Remand

The fraudulent joinder doctrine provides an exception to the complete diversity requirement and allows a district court to assume jurisdiction even if there are nondiverse defendants at the time of removal.  E.D. ex rel. Darcy v. Pfizer, Inc., 722 F.3d 574, 578 (4th Cir. 2013).  Under the doctrine of fraudulent joinder, a district court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."  Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).  "The party alleging fraudulent joinder bears a heavy burden — it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's

favor." <u>Johnson v. Am. Towers, LLC</u>, 781 F.3d 693, 704 (4th Cir. 2015) (quoting <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422, 424 (4th Cir. 1999)).  In order to establish fraudulent joinder, "the removing party must establish either: [t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." <u>Mayes</u>, 198 F.3d at 464.  Under the former "no possibility" standard, a removing defendant cannot succeed if there is a "glimmer of hope" that the plaintiff's claim against a non-diverse defendant will succeed.  <u>Id.</u> at 466.

Fraudulent joinder exists "when a court finds either that no cause of action is stated against [a] nondiverse defendant, or in fact no cause of action exists." <u>AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.</u>, 903 F.2d 1000, 1003 (4th Cir. 1990). Thus, the only determination with which this Court is charged at this point is whether a "possible" claim has been alleged against defendant. <u>See</u> <u>Corder v. Antero Res. Corp.</u>, 322 F. Supp. 3d 710, 715 (N.D. W. Va. 2018).

The primary claim by the plaintiffs is that defendant State Farm failed to make a proper offer of underinsured motorist coverage, meaning that coverage exists by operation of law.  ECF No. 6 at 4.  If, however, this Court concludes that there is no underinsured motorist coverage available to the plaintiffs, the plaintiffs argue that they have asserted an alternative claim

against the Garvey Agency. ECF No. 6 at 5. In the alternative, plaintiffs allege that the Garvey Agency negligently and erroneously failed to procure the appropriate insurance coverage for the 2006 Mazda Miata requested by plaintiffs. ECF No. 1-1 at 15; ECF No. 6 at 5.

Upon review, this Court finds that plaintiffs' complaint fails to set forth a viable cause of action that would entitle plaintiffs to potentially recover against the Garvey Agency. The sole cause of action asserted against the Garvey Agency is a claim for "Negligence – Errors and Omissions" (Count IV). ECF No. 1-1 at 13. Plaintiffs' negligence claim against the Garvey Agency is premised upon the allegation that the Garvey Agency breached its duty of care by failing to provide plaintiffs with a meaningful and commercially reasonable offer of underinsured motorist bodily injury coverage benefits. Upon review, this claim fails.

In West Virginia, "duly licensed insurance agents acting within the scope of their employment may not be sued in their individual capacity in tort or in contract." <u>Fleming v. United Teachers Assocs. Ins. Co.</u>, 250 F. Supp. 2d 658, 662 (S.D. W. Va. 2003); <u>see also</u>, <u>Benson v. Cont'l Ins. Co.</u>, 120 F. Supp. 2d 593, 595 (S.D. W. Va. 2000) (As a general rule, where the agent is the agent of the insurer, acts within the scope of his authority, and his principal is disclosed, he is not liable to the insured either in contract or in tort.). Plaintiffs specifically assert within their allegation "Negligence – Errors and Omissions" (Count IV)

that "Defendant, William Garvey, Jr. Insurance Agency, Inc., at all times material and relevant hereto, acted as an agent of State Farm." ECF No. 1-1 at 13.

Plaintiffs cite to this Court's analysis in <u>Negri v. Nationwide Mut. Ins. Co.</u>, No. 5:11CV3, 2011 WL 3648221 (N.D. W. Va. Aug. 18, 2011), of the West Virginia Supreme Court of Appeals decision in <u>Jarvis v. Modern Woodmen of America</u>, 406 S.E.2d 736 (W. Va. 1991), for the proposition that an agent "will be held personally liable for his own negligent acts." ECF No. 6 at 4. In <u>Negri</u>, this Court recognized that in <u>Jarvis</u>, the West Virginia Supreme Court held that the insurance agent's conduct in encouraging the insured to make misrepresentations in procuring an insurance contract constituted an independent tort of negligence, not a negligent act on behalf of the insurer. <u>See</u> <u>Negri v. Nationwide Mut. Ins. Co.</u>, No. 5:11CV3, 2011 WL 3648221, at *4 (N.D. W. Va. Aug. 18, 2011).

In this case, however, plaintiffs' alleged negligence claim against the Garvey Agency is premised upon actions made by the Garvey Agency on behalf of the insurance company, and these actions do not constitute an independent tort. In this case, as in <u>Negri</u>, plaintiffs have not alleged an independent tort. Thus, this Court finds that there is no possibility that plaintiffs would be able to establish a cause of action against the Garvey Agency, and that plaintiffs' claim necessarily fails.

Additionally, defendants contend that West Virginia Code §§ 33-6-31d(b) and (e) place the obligation to make an offer of underinsured motorist coverage on the insurer, not the insurance agent. This Court agrees. Defendants correctly point out that in Smith, the Court specifically found that an insurance agent had no obligation to make an offer of underinsured motorist coverage. Smith v. State Farm Automobile Insurance Company, Civil Action No. 2:14-CV-00079-JPB (N.D. W. Va. Jan. 6, 2015). This Court finds defendants' argument persuasive. Thus, this Court finds that plaintiffs' alleged negligence claim against the Garvey Agency fails as the Garvey Agency had no duty to make a commercially reasonable offer of UIM coverage to plaintiffs.

B.    Defendants' Motion to Dismiss

Based upon the foregoing, this Court finds that it does not lack subject matter jurisdiction to address the merits of the plaintiffs' claims as raised herein. This Court's finding of fraudulent joinder as discussed above effectively permits this Court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction. See Mayes, 198 F.3d at 461. Accordingly, this Court has jurisdiction to decide defendants' pending motion to dismiss.

Following its review of the fully briefed motion to dismiss, and the memoranda in support, and for substantially the same reasons set forth in this Court's analysis of the fraudulent

joinder issue as stated above, this Court grants the defendants'
motion to dismiss plaintiffs' complaint as it relates to defendant
William Garvey, Jr. Insurance Agency, Inc. (ECF No. 4) under
Federal Rule of Civil Procedure 12(b)6). This Court has construed
the complaint in the light most favorable to plaintiffs for the
purposes of deciding the motion to dismiss. In doing so, this
Court finds that plaintiffs' complaint fails to state a claim
against the Garvey Agency upon which relief may be granted and
cannot survive the defendants' Rule 12(b)(6) motion to dismiss.

## IV.  Conclusion

After review of the plaintiffs' complaint, as well as the
fully briefed contentions of the parties and the applicable law,
and for the reasons stated above, the plaintiffs' motion to remand
(ECF No. 6) is DENIED and defendants' motion to dismiss (ECF No. 4)
is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum
opinion and order to counsel of record herein. Pursuant to Federal
Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment
on this matter as to defendant William Garvey, Jr. Insurance
Agency, Inc.

DATED:    January 30, 2019


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE