IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEITH JAY FISCHER and
DAWN MARIE FISCHER,

    Plaintiffs,

v.                                                    Civil Action No. 5:18CV167
                                                                                (STAMP)

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, INC. and
WILLIAM GARVEY, JR. INSURANCE
AGENCY, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I.   Background

This civil action arises out of a dispute regarding underinsured motorist ("UIM") coverage benefits. The plaintiffs, Keith Jay Fischer and Dawn Marie Fischer, initiated this lawsuit in the Circuit Court of Brooke County, West Virginia against defendants State Farm Mutual Automobile Insurance Company ("State Farm") and William Garvey, Jr. Insurance Agency, Inc. (the "Garvey Agency").

Defendants removed the civil action to this Court pursuant to 28 U.S.C. § 1446. ECF No. 1. Thereafter, this Court considered the plaintiffs' motion to remand and defendants' motion to dismiss. Following briefing, this Court entered a memorandum opinion and order denying plaintiffs' motion to remand and granting defendants' motion to dismiss as it related to defendant William Garvey, Jr. Insurance Agency, Inc. ECF No. 18.

Now pending before the Court is defendant State Farm's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 52. Defendant State Farm moves this Court for the entry of summary judgment in its favor with respect to the claims against it in this civil action. ECF No. 53. Plaintiffs filed a response in opposition to the motion. ECF No. 55. Defendant filed a reply. ECF No. 56. At this time, the defendant's motion is fully briefed and ripe for decision.[1]

Following its review of State Farm's fully briefed motion for summary judgment, and the memoranda and exhibits submitted by the parties, this Court finds that, for the reasons set forth below, the defendant's motion for summary judgment must be granted as to Count III and denied as to Counts I, II, and V.[2]

## II. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or

---

[1]This Court previously issued a letter (ECF No. 62) to counsel of record in this civil action to set forth tentative rulings on the pending motion discussed in this opinion. This written memorandum opinion and order is consistent with the Court's letter regarding defendant State Farm's motion for summary judgment and sets forth this Court's rulings in more detail.

[2]Count IV is no longer before this Court as a result of this Court's previous memorandum opinion and order (ECF No. 18) denying plaintiffs' motion to remand and granting defendants' motion to dismiss defendant William Garvey, Jr. Insurance Agency, Inc.

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) ("Summary judgment 'should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.'"

(citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Supreme Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. Discussion

Now pending before the Court is defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (ECF No. 52). In support of the motion for summary judgment, State Farm asserts it is entitled to summary judgment as the undisputed material facts demonstrate that underinsured motorist coverage is not provided by the insurance policy at issue as a matter of law. Id. In the memorandum in support of the motion (ECF No. 53), defendant notes that plaintiffs generally allege that at the time of the purchase of the new vehicle, State Farm should have offered the opportunity to purchase underinsured motorist coverage on said vehicle. ECF No. 53 at 1. However, defendant asserts that the new vehicle purchased by plaintiffs replaced a prior vehicle on an

existing policy of insurance.  Id.  Defendant further asserts plaintiff had previously signed a rejection form by which he rejected UIM coverage with respect to the prior vehicle.  Id. Accordingly, pursuant to West Virginia Code § 33-6-31(d), State Farm contends that it was not required to make a new offer of optional UIM coverage with respect to the replacement vehicle as the rejection of UIM coverage executed by plaintiff with respect to the prior vehicle was still valid.  Id. at 1-2.  Additionally, State Farm argues that even if the Court finds that State Farm was required to make a new offer of UIM coverage with respect to the replacement vehicle, plaintiffs' receipt of the declarations page and multiple renewal notices prior to the accident at issue, plainly showing that no UIM coverage was in place, precludes UIM coverage.  Id. at 2.

Plaintiffs filed a response in opposition to defendant's motion for summary judgment.  ECF No. 55.  As an initial matter, plaintiffs assert that State Farm ignores the errors and omissions claim at the heart of plaintiffs' complaint, which is that Mr. Fischer did not ask for the 2006 Mazda Miata to replace the 1987 Chevrolet Truck on the prior policy of insurance.  ECF No. 55 at 7. Rather, plaintiffs contend that Mr. Fischer asked for full coverage on the new vehicle, including UIM coverage and, thus, an offer of UIM coverage was required to be made upon purchase of the Mazda Miata.  Id.  Further, plaintiffs assert that even if the Court finds that an offer of UIM coverage was not required to be made,

5

there is still a dispute regarding the validity of the selection/rejection form signed by Mr. Fischer with respect to the Chevrolet truck. Id. at 13. Alternatively, plaintiffs also propose that even if the Court finds that UIM coverage was not required to be offered upon Mr. Fischer's purchase of the Mazda Miata and, further, that the April 21, 2015 selection/rejection form was valid, State Farm has still failed to satisfy its burden of proof that the selection/rejection of UIM coverage was knowing and intelligent on the part of Mr. Fischer in April 2015. Id. at 16. Lastly, plaintiffs argue that Mr. Fischer's review of his declarations page/renewal notices has no impact whatsoever on whether his policy must be reformed by operation of law. Id. at 20. For these reasons, plaintiffs contend that State Farm's motion for summary judgment ignores the factual disputes at the center of this matter and fails to recognize existing precedent in West Virginia, demonstrating that its arguments fail and must be denied as a matter of law. Id. at 24.

Defendant filed a reply to plaintiffs' response in opposition to the motion for summary judgment (ECF No. 56) and asserts that Mr. Fischer's alleged request for "full coverage" on his 2006 Mazda Miata did not trigger a duty on behalf of State Farm or the Garvey Agency to make a new offer of UIM coverage. ECF No. 56 at 1. Further, defendant argues that plaintiffs' allegations regarding the purported insufficiency of the UIM selection/rejection form executed by Mr. Fischer are unsupported by fact or law. Id. at 4.

6

Additionally, defendant contends that plaintiffs have not rebutted the presumption that Mr. Fischer knowingly and intelligently rejected UIM coverage. Id. at 8. Defendant also asserts that Mr. Fischer's receipt of the declarations page and multiple renewal notices prior to the accident at issue, plainly showing that no UIM coverage was in place, precludes UIM coverage. Id. at 12. Lastly, defendant contends that it is entitled to summary judgment on the remaining claims as plaintiffs are unable to maintain a claim for common law bad faith in the absence of coverage and plaintiffs are unable to show that State Farm violated the Unfair Trade Practices Act ("UTPA") with such frequency so as to constitute a general business practice. Id. at 13-14.

Upon review of the fully briefed motion for summary judgment and the memoranda and exhibits submitted by the parties, this Court finds that, for the reasons set forth below, the defendant's motion for summary judgment must be granted in part and denied in part.

A.  Count III

As to the plaintiffs' claims regarding violations of the West Virginia Unfair Trade Practices Act ("UTPA"), West Virginia Code § 33-11-4(9), stemming from State Farm's alleged failure to act reasonably and in handling plaintiffs' claim arising from the underlying accident (Count III), this Court finds that the evidence presented is insufficient to create a triable issue of fact at trial and this claim must be granted at the summary judgment stage. Relief under Jenkins v. J. C. Penney Cas. Ins. Co., 167 W. Va. 597,

280 S.E.2d 252 (1981), is predicated upon violation of the UTPA, where such violation arises from a "general business practice" on the part of the insurer. Jenkins clarifies that:

> proof of several breaches by an insurance company of W. Va. Code, 33-11-4(9), would be sufficient to establish the indication of a general business practice. It is possible that multiple violations of W. Va. Code, 33-11-4(9), occurring in the same claim would be sufficient, since the term "frequency" in the statute must relate not only to repetition of the same violation but to the occurrence of different violations.

167 W. Va. at 610, 280 S.E.2d at 260.

Plaintiffs must prove a general business practice by showing several unfair settlement practices in the same claim. Jackson v. State Farm Mut. Auto. Ins. Co., 215 W. Va. 634, 646, 600 S.E.2d 346, 358 (2004). Here, upon review of the facts supported by the record, this Court finds that summary judgment is appropriate as to the plaintiffs' claim for statutory bad faith arising from State Farm's purported violations of the West Virginia UTPA. To maintain a private action based upon alleged violations of West Virginia Code § 33-11-4(9) in the settlement of a single insurance claim, the evidence should establish that the conduct in question constitutes more than a single violation of West Virginia Code § 33-11-4(9), that the violations arise from separate, discrete acts or omissions in the claim settlement, and that they arise from a habit, custom, usage, or business policy of the insurer, so that, viewing the conduct as a whole, the finder of fact is able to conclude that the practice or practices are sufficiently pervasive or sufficiently sanctioned by the insurance company that the

8

conduct can be considered a "general business practice" and can be distinguished by fair minds from an isolated event. Dodrill v. Nationwide Mut. Ins. Co., 201 W. Va. 1, 13, 491 S.E.2d 1, 13 (1996). Even in viewing the facts in the light most favorable to the plaintiffs, it is this Court's opinion that plaintiffs have failed to meet their burden in opposing defendant's motion for summary judgment as to Count III and summary judgment is warranted. This Court finds State Farm is entitled to summary judgment on plaintiff's alleged violation of the UTPA as asserted in Count III of the complaint as a matter of law.

B.  Counts I, II, and V

Count I of the complaint seeks a declaratory judgment that the policy be reformed by operation of the law to include One Hundred Thousand Dollars ($100,000.00) in UIM benefits. Count II of the complaint asserts a claim against State Farm for common law bad faith/breach of the implied covenant of good faith and fair dealing. Count V of the complaint asserts that State Farm is vicariously liable for the alleged negligent acts of the Garvey Agency.

In reviewing the supported underlying facts, and viewing all inferences in the light most favorable to the plaintiffs, this Court finds that this civil action contains a number of genuine issues of material fact and that the evidence is such that a reasonable trier of fact could return a verdict for the non-moving party as to these three counts. In viewing the facts in a light

most favorable to the non-moving party, this Court finds that genuine issues of material fact remain as to whether or not Mr. Fischer wanted the Mazda Miata to replace his 1987 Chevrolet truck on his State Farm policy. While State Farm treated the Mazda Miata as a replacement vehicle under the 1987 Chevrolet truck policy – a policy without UIM benefits, this Court finds that plaintiff presents sufficient evidence in opposing summary judgment that, when viewed in a light most favorable to plaintiffs, could lead a reasonable fact-finder to conclude that Mr. Fischer did not intend for the Mazda Miata to be a replacement vehicle as he continued to own the 1987 Chevrolet Truck, that he requested "full coverage" on the Mazda Miata when it was newly purchased, and that State Farm had previously issued Mr. Fischer prior insurance policies on six separate vehicles which did include underinsured motorist coverage.

This Court finds that State Farm has failed to meet its burden of showing the absence of any genuine issue of material fact, and that plaintiffs have sufficiently set forth specific facts, conflicting testimony, and documentary evidence sufficient to create triable issues of fact as to issues concerning reformation of the insurance policy, State Farm's alleged failure to fulfill obligations under the insurance policy, and State Farm's alleged vicarious liability for damages resulting from the act of its agent. This Court finds that these issues of material fact must be settled by a fact-finder. In finding that genuine issues of

material fact exist, this Court must deny State Farm's motion for summary judgment as to Counts I, II, and V as a matter of law.

IV. Conclusion

For the reasons stated above, defendant State Farm's motion for summary judgment (ECF No. 52) is GRANTED as to Count III and DENIED as to Counts I, II, and V.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   November 21, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE